# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,                :           Case No. 3:98-cr-081
                                                  Also Case No. 3:12-cv-183

                                                  District Judge Walter Herbert Rice
     -vs-                                 Magistrate Judge Michael R. Merz
                               :

KEITH DEWITT, SR.,

        Defendant.

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This case is before the Court on Respondent's Objections (Doc. No. 460) to the Magistrate Judge's Report and Recommendations (the "R&R," Doc. No. 459). Judge Rice has recommitted the matter to the Magistrate Judge for a supplemental report (Doc. No. 462).

Dewitt claims his sentence should be vacated in light of *DePierre v. United States*, 131 S. Ct. 2225 (2011). He reads *DePierre* as "creat[ing] a new substantive rule that 'cocaine base' as used in the statute includes all forms of 'base' meaning crack (processed with baking soda), free base (processed with ammonia) and other form[s] of cocaine, as distinguished from cocaine hydrochloride (typical powder cocaine)." (Motion, Doc. No. 458, PageID 2237-2238.) From this he infers that

> going forward, a District Court can only consider a penalty
> enhancement under § 841(b)(iii), when a specified amount of
> cocaine base or crack cocaine is charged and/or proven beyond a
> reasonable doubt. If that finding is not part of the record of

1

> conviction, *DePierre* holds that the defendant has not been
> convicted under § 841(b)(1)(A)(iii) and or § 841(b)(1)(B)(iii) of the
> Controlled Substances Act of 1987. In other words, *DePierre*
> narrowed the scope of 21 U.S.C. § 841 by interpreting the term
> "cocaine base" in § 841(b)(iii) to decriminalize certain individuals
> who would otherwise have been aggravated violators under §
> 841(a)(1) – it alters the "class of persons that the law punishes."
> See *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004).

*Id*. at PageID 2238. On the basis of this inference, Dewitt claims he is entitled to be resentenced

because there is a "substantial likelihood that the [sic] Dewitt may have been convicted of an

offense other than that charged in the indictment . . . " (Motion, Doc. No. 458, PageID 2243).

The R&R recommended rejecting Dewitt's claim. Most importantly, it noted Dewitt was

sentenced under 21 U.S.C. § 841(b)(1)(A) and Judge Rice had held sentencing under that statute

did not require proof of the amount of drugs involved when a defendant had pled guilty, as Dewitt

did, to a drug offense involving a kilogram of heroin and five kilograms of cocaine (R&R, Doc.

No. 459, PageID 2247, quoting Decision and Entry, Doc. No. 362, n. 4, PageID 541-542). Dewitt

makes no comment in his Objections on this point and it is decisive, apart from other difficulties

with his analysis of *DePierre*.

The objections Dewitt does make will be dealt with *seriatim* below.

**1.      No New Substantive Rule; No New Right**

Dewitt first objects to the R&R's conclusion that *DePierre* did not create any new

substantive right in that it did not decriminalize any conduct (Objections, Doc. No. 460, PageID

2250). His second objection dovetails with the first and they are considered here together.

Dewitt objects that *DePierre* does create a new substantive right. He cites first to *Bousley*

2

*v. United States*, 523 U.S. 614 (1998), which held that the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995)[1], could be applied in § 2255 proceedings to convictions which became final before *Bailey* was decided because *Bailey* was a substantive change in the law.   In doing so, the Supreme Court distinguished between new procedural and new substantive rulings:

> By contrast, decisions of this Court holding that a substantive federal criminal statute does not reach certain conduct, like decisions placing conduct "'beyond the power of the criminal law-making authority to proscribe,'" *id.*, 489 U.S. at 311 (quoting *Mackey*, 401 U.S. at 692),   necessarily carry a significant risk that a defendant stands convicted of "an act that the law does not make criminal." *Davis v. United States*, 417 U.S. 333, 346, 41 L. Ed. 2d 109, 94 S. Ct. 2298 (1974). For under our federal system it is only Congress, and not the courts, which can make conduct criminal. *United States v. Lanier*, 520 U.S. 259,     , n. 6, 137 L. Ed. 2d 432, 117 S. Ct. 1219, 1997 U.S. LEXIS 2079, *16 (1997); *United States v. Hudson*, 11 U.S. 32, 7 Cranch 32, 3 L. Ed. 259 (1812). Accordingly, it would be inconsistent with the doctrinal underpinnings of habeas review to preclude petitioner from relying on our decision in *Bailey* in support of his claim that his guilty plea was constitutionally invalid.

*Bousley*, 523 U.S. at 620.   Dewitt argues "*Bousley* itself illuminates the flaw that substantive rules are only those that decriminalize conduct."   (Objections, Doc. No. 460, PageID 2250).   That is a misreading of *Bailey* and *Bousley*.   *Bailey* held that conduct which most courts of appeals had held came within the meaning of "use" in § 924(c) did not in fact violate that statute when correctly interpreted.   That is, it decriminalized   conduct which before had resulted in criminal convictions.

In *United States v. Canady*, 126 F.3d 352 (2nd Cir. 1997), also cited by Dewitt, defendant had been convicted in 1994 before *Bailey* of using or carrying a firearm during and in relation to a

---

1 *Bailey* limited the cases in which a person could be found guilty under 18 U.S.c. § 924(c) of using a firearm during and in relation to a drug crime to those situations where the firearm was "actively employed."

3

drug crime.   The Court of Appeals found *Bailey* was applicable, holding

> Collateral relief under § 2255 is appropriate when there has been an intervening change in the substantive criminal law that establishes that the petitioner's conviction is based on conduct which is no longer regarded as criminal. See *Davis v. United States,* 417 U.S. 333, 345-47, 41 L. Ed. 2d 109, 94 S. Ct. 2298 (1974); see, e.g., *Ianniello v. United States,* 10 F.3d 59 (2d Cir. 1993). Because the decision in *Bailey* marks such a change, it is properly applied retroactively.

126 F. 3d at 357, n.1.   It concluded that there was insufficient evidence to support a conviction for using the firearm, but found there was enough to support a carrying conviction.   Dewitt cites this case for the notion that a Supreme Court ruling does not have to make a particular defendant's conduct innocent in order for it to be a substantive ruling.   That is correct, but it does not mean the substantive ruling has not "decriminalized" some conduct, even though it might be only part of the conduct of a particular defendant in a particular case.

Dewitt also cites *Santana-Madera v. United States*, 260 F.3d 133 (2nd Cir. 2001), for its holding that the rule announced in *Richardson v. United States*, 526 U.S. 813 (1999), is a substantive rule and therefore applicable retroactively.   The Sixth Circuit had reached the same conclusion.   *Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000).   The holding in *Richardson* is structurally similar to that in *Bailey*:   the Supreme Court held what sort of evidence was necessary to prove a continuing criminal enterprise offense. It was a substantive statutory interpretation question, but it made non-criminal some conduct which, prior to its decision, had been found to be criminal.

Neither *Bailey* nor *Richardson* decriminalizes conduct in the sense of placing it beyond the power of Congress to penalize.   This is not as radical a decriminalization as, for example, granting

constitutional protection to "loitering." See *Papachristou v. Jacksonville,* 405 U.S. 156 (1972).

But it determines that "a substantive federal criminal statute does not reach certain conduct," i.e.,

that Congress did not intend to penalize certain conduct by the words it enacted.

Dewitt is correct that *DePierre* is a substantive interpretation of a federal criminal statute,

just as were *Bailey* and *Richardson*. Unlike those cases, however, it broadened the interpretation

of the statute rather than narrowing it. DePierre had been charged under a former version of 21

U.S.C. § § 841(a)(1) and (b)(1)(A)(iii) with distributing more than 50 grams of cocaine base. He

asked for a jury instruction that the Government had to prove that what he distributed was crack.

The Supreme Court disagreed and held that the statute reached all forms of cocaine base, including

but not limited to crack. *DePierre,* 131 S. Ct. at 2231-2232.

Although he does not cite *Apprendi v. New Jersey*, 530 U.S. 466 (2000), or any of its

progeny, Dewitt seems to be making an *Apprendi*-like argument: his conviction should be

vacated because there is no jury finding on the quantities of drugs involved. Dewitt he relies on

*Rosario v. United States*, 2001 U.S. Dist. LEXIS 13384 (S.D.N.Y 2001), where Judge Rosario

held that the decision in *Apprendi*, was substantive and therefore retroactively applicable in § 2255

proceedings. The Sixth Circuit, however, reached the opposite conclusion in *Goode v. United

States*, 305 F.3d 378 (6th Cir. 2002), to wit, that *Apprendi* does not apply retroactively, and that

precedent is controlling here.

At the end of his first objection, Dewitt concludes that "he alleged in the instant petition

that there is a significant risk that he stands convicted of an act that the law does not make criminal

or faces a punishment that the law cannot impose on him." (Objections, Doc. No. 460, PageID

2251.) This claim misses the major point of distinction in the R&R between Dewitt's case and

DePierre's:   DePierre was charged with distributing 50 grams or more of cocaine base in violation of former 21 U.S.C.S. § 841(a)(1) and (b)(1)(A)(iii).   Dewitt, however, was sentenced under 21 U.S.C. § 841(b)(1)(A) which requires a sentence of ten years to life for a drug offense involving either a kilogram of heroin or five kilograms of cocaine.   Those drug quantities depend on Dewitt's own admissions in the plea colloquy.   ***DePierre* did not interpret in any way the statute under which Dewitt was sentenced.**   Even though *DePierre* is substantive and even if it had narrowed the range of punishable conduct under the statutes it did interpret, those statues are not involved in this case.

## 2.   Second or Successive Motion

Because Dewitt previously filed a § 2255 Motion which was dismissed on the merits, the Magistrate Judge concluded the instant Motion was a second or successive such motion on which Dewitt required permission to proceed from the Sixth Circuit under 28 U.S.C. § 2255(h).   Since Dewitt had not obtained that permission, the R&R recommended the Motion be dismissed without prejudice pending Dewitt's receipt of permission (R&R, Doc. No. 459, PageID 2247).

Dewitt argues this Motion is not a second or successive 2255 motion because the facts supporting it only arose after the prior Motion was disposed of on the merits.   That is simply untrue.   Dewitt's new claim depends on *DePierre* which was decided, as Dewitt himself has pled, on June 9, 2011, while his prior § 2255 Motion was pending before this Court.   Judgment was not entered on the prior Motion until September 20, 2011 (Doc. Nos. 455, 456). Dewitt had more than three months to move to amend his prior Motion to add the claim he now raises.

Dewitt cites the doctrine of equitable tolling in his Objections, but that doctrine provides an extension of the statute of limitations, not an exemption from the prohibition on second or successive motions.

## 3. Recharacterization

Dewitt reminds the Court that it may not recharacterize a prisoner filing as a § 2255 motion without notifying the prisoner and giving him a chance to decide if that is the cause of action he wishes to invoke.   In *Castro v. United States*, 540 U.S. 375 (2003), the Supreme Court held:

> A federal court cannot recharacterize a *pro se* litigant's motion as a first § 2255 motion unless it first informs the litigant of its intent to recharacterize, warns the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provides the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If these warnings are not given, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

Dewitt argues that this Court has violated the rule in *Castro* by recharacterizing his instant filing as made under 28 U.S.C. § 2255(f)(3)(Objections, Doc. No. 460, PageID 2255).

The R&R does not recharacterize any of Dewitt's filings.   Dewitt filed his first Motion to Vacate under 28 U.S.C. § 2255, plainly labeled as such, on April 19, 2010 (Doc. No. 427).   The Court did not need to characterize that document – it plainly stated what it was.   That is the § 2255 Motion which Judge Rice denied on the merits in September, 2011 (Doc. Nos. 455, 456).   When he filed the instant Motion, Dewitt himself labeled it as "Motion Under 28 U.S.C. § 2255(f)(3) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Doc. No. 458).

Moreover, the law does not create separate causes of action under § 2255(f)(1) and (f)(3). § 2255(f) is the statute of limitations applicable to all § 2255 motions. The four subsections create different starting dates for calculating when the statute of limitations begins to run. Both by choosing the (f)(3) label and by his extended argument about why his Motion was timely, Dewitt was invoking the start date in (f)(3) because he was claiming a right which he said was recognized in *DePierre, supra*, and asserting his Motion was timely because filed within one year of the *DePierre* decision. The R&R recognizes that the instant Motion is timely in relation to *DePierre*, but that has nothing to do with the determination that it is a second or successive motion. Rather, the requirement for certification of second or successive motions is contained in § 2255(h) and makes no distinction among such motions depending on the start date for the running of the statute of limitations.

Dewitt concludes his Objections with an argument that somehow the actual innocence doctrine applies to him because there is no jury verdict in the case finding him guilty beyond a reasonable doubt of all the facts necessary to sustain his conviction and sentence (Objections, Doc. No. 460, PageID 2257.) The indisputable facts proven by the relevant docket entries in this case are that Dewitt waived his right to a jury verdict by pleading guilty and provided a sufficient factual base for the sentence he is serving by admitting drug quantities of at least a kilogram or heroin and at least five kilograms of cocaine. He has produced no new facts to raise any question that those facts are not true.

**Conclusion**

On the basis of the foregoing analysis, it is again respectfully recommended that the instant § 2255 Motion be dismissed without prejudice to its renewal if the Court of Appeals certifies it under 28 U.S.C. § 2255(h). The conclusion that this is a second § 2255 motion is not debatable among reasonable jurists and the Court should therefore deny a certificate of appealability. The Court should also certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis.*

July 5, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).