# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,    :      Case No. 3:98-cr-081
                                    Also Case No. 3:12-cv-183

                                      District Judge Walter Herbert Rice
    -vs-                                Magistrate Judge Michael R. Merz
                          :

KEITH DEWITT, SR.,

      Defendant.

---

# REPORT AND RECOMMENDATIONS

---

      This case is before the Court on Petitioner's newly-filed Motion to Vacate Judgment under 28 U.S.C. § 2255 (Doc. No. 473). The Motion is before the Court for initial review under Rule 4 of the Rules Governing § 2255 Cases.

      Dewitt candidly admits in the body of the Motion that this is his third motion under 28 U.S.C. § 2255. The first was denied by this Court with prejudice on September 20, 2011 (Doc. No. 455). The Sixth Circuit Court of Appeals denied Dewitt a certificate of appealability on April 16, 2012 (Doc. No. 457). Dewitt filed his second § 2255 Motion on June 13, 2012 (Doc. No. 458). The Magistrate Judge recommended that it be dismissed without prejudice as a second or successive § 2255 motion filed without the prior permission of the Court of Appeals required by 28 U.S.C. § 2255(f) (Report, Doc. No. 459, PageID 2247). The Court adopted that Report over Dewitt's objections (Doc. No. 468). Dewitt's subsequent appeal to the Sixth Circuit was dismissed by that Court for want of prosecution on January 30, 2013 (Doc. No. 472).

Because the instant Motion is Dewitt's third and it is not accompanied by any permission to file from the Sixth Circuit, it should be dismissed without prejudice to its refiling if Dewitt obtains that permission. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability (as he was on his second § 2255 Motion on the same basis) and this Court should certify to the Sixth Circuit that any appeal would not be taken in objective good faith and therefore should not be permitted to proceed *in forma pauperis*.

March 22, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).