# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,      :      Case No. 3:98-cr-081
                                          Also Case No. 3:12-cv-183

                                          District Judge Walter Herbert Rice
    -vs-                              Magistrate Judge Michael R. Merz
                              :

KEITH DEWITT, SR.,

       Defendant.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Objections (Doc. No. 476) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 474). Judge Rice has ordered the case recommitted for the Magistrate Judge to file a supplemental report after having considered Defendant's Objections (Doc. No. 477).

The Report noted that this was Mr. Dewitt's third-filed Motion to Vacate under 28 U.S.C. § 2255 (as Mr. Dewitt admits on the face of the Motion)(Doc. No. 473, the "Third 2255 Motion") and concluded Dewitt was precluded from proceeding in this Court without prior permission from the Sixth Circuit Court of Appeals (Doc. No. 474, PageID 2309). The Report recommended dismissal without prejudice pending circuit court approval. *Id.*

§2255 as amended by the AEDPA provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —

> (1) newly discovered evidence which, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In the Third 2255 Motion, Dewitt pleads one Ground for Relief:

> Under *Missouri v. Frye*, 132 S. Ct. 1399(2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 ( 2012), trial counsel's erroneous advice and misrepresentation regarding the nature and consequences of Dewitt's decision to proceed to trial falls below the wide range of professional competence demanded the Sixth Amendment which deprived Dewitt of effective assistance of counsel.

(Third 2255 Motion, Doc. No. 473, PageID 2300.)

In his Objections, Dewitt asserts his Third 2255 Motion is not a second or successive motion to vacate such as would require prior permission from the court of appeals because it is dependent on a new constitutional right recognized by the Supreme Court in *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012), and *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012).

Much of Dewitt's argument is directed to showing that his Third Motion is timely because it was filed within one year of the decisions in *Frye* and *Lafler*, both of which were handed down on March 21, 2012. However, the Report did not recommend dismissal on timeliness grounds. If *Frye* or *Lafler* had recognized a new constitutional right and made it retroactively applicable to cases pending on collateral review, the Third Motion would be timely because it was filed exactly a year after those two cases were decided. Timeliness, however, is not the issue.

The Magistrate Judge also agrees that, if *Frye* or *Lafler* had recognized a new

constitutional right and made it retroactively applicable to cases pending on collateral review, Dewitt would not have to seek permission from the circuit court before filing. Dewitt cites *Panetti v. Quarterman*, 551 U.S. 930 (2007), and *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998), both of which support the proposition that second or successive permission is not needed when the facts giving rise to a habeas or § 2255 claim arise after a prior petition has been decided. But the same thing is also true when the law changes to recognize a right which had not been recognized at the time the prior petition was ruled on. For example, in *Bailey v. United States*, 516 U.S. 137 (1995), the United States Supreme Court unanimously construed the term "use" in 18 U.S.C. §924(c)(1) to mean "active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense," a much narrower construction of that term than had been common in the circuit courts. The Sixth Circuit held successive §2255 Motions raising *Bailey* issues could be filed without Circuit Court permission under the AEDPA. *In re Hanserd*, 123 F.3d 922 (6th Cir. 1997).

Dewitt argues the retroactivity decision required by 28 U.S.C. § 2255(f)(3) can be made by any inferior federal court and need not be made by the Supreme Court (Objections, Doc. No. 476, PageID 2315), *citing Wiegand v. United States*, 380 F.3d 890 (6th Cir. 2004). Here again Dewitt confuses the issues of timeliness and whether a motion is second or successive. In *Wiegand* the Sixth Circuit found an inferior federal court could decide the retroactivity question for purposes of the statute of limitations in § 2255(f)(3) by expressly contrasting (f)(3) with (h)(2). As quoted above, the (h)(2) language expressly requires that the new right be made retroactively applicable by the Supreme Court. This Court has previously held that *Frye* and *Lafler* do not recognize new rights which are retroactively applicable on collateral review. *Rodriquez-Vilchis v. United States*, 2012 U.S. Dist. LEXIS 171058 (S.D. Ohio Dec. 3,

2012)(withdrawn on other grounds 2012 U.S. Dist. LEXIS 182995), citing *In re: Michael Perez,* 682 F.3d 930 (11th Cir. 2012);  and *Crockett v. United States*, 2012 U.S. Dist. LEXIS 160384 (S.D. Ohio Nov. 8, 2012), *citing Buenostro v. United States*, 697 F.3d 1137 (9th Cir. 2012), and *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012).

*Frye* and *Lafler* did not recognize new rights and make them retroactive.  More importantly, the rights discussed in those cases are not at all like the right claimed by Dewitt in the Third 2255 Motion.  In both of those cases, the prosecutor had made a plea offer. In *Missouri v. Frye* the defendant's lawyer never communicated that offer to his client and the client ended up convicted of a felony and sentenced to three years imprisonment when he could have pled to a misdemeanor. In *Lafler*, the prosecutor made an offer and defense counsel recommended to his client, upon a serious misunderstanding of the law, that the offer be rejected; after trial defendant was sentenced to 185 to 360 months when he could have received a 51-85 month sentence under the offer. The holding in *Frye* is as follows:

> This Court now holds that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.

132 S. Ct. at 1408. The Supreme Court made it clear it was only deciding about ineffective assistance of trial counsel claims where the prosecutor makes an offer which is rejected.

> The prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences. First, the fact of a formal offer means that its terms and its processing can be documented so that what took place in the negotiation process becomes more clear if some later inquiry turns on the conduct of earlier pretrial negotiations. Second, States may elect to follow rules that all offers must be in writing, again to ensure against later misunderstandings or fabricated charges. See N. J. Ct. Rule 3:9-

> 1(b) (2012) ("Any plea offer to be made by the prosecutor shall be in writing and forwarded to the defendant's attorney"). Third, formal offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence. At least one State often follows a similar procedure before trial.

*Frye*, 132 S. Ct. at 1408-1409. Defendant's Third 2255 Motion does not state a claim under *Frye*. As Dewitt pleads the claim, it is that the prosecutor made an offer which Dewitt's lawyer communicated to him and which he accepted, but which he would not have accepted if counsel had given him professionally competent advice (Objections, Doc. No. 476, PageID 2315). The right to effective assistance of counsel in negotiated plea cases was already recognized by the Supreme Court in *Hill v. Lockhart*, 474 U.S. 52 (1985), where the Court held that in order to satisfy the "prejudice" prong of *Strickland v. Washington* in a negotiated plea case, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty or no contest and would have insisted on going to trial. *Hill*, 474 U.S. at 58.

In fact, Dewitt's claim that he received ineffective assistance of trial counsel when he was given inaccurate advice about accepting a plea offer was already adjudicated by this Court on the merits. In his first § 2255 Motion, Dewitt pled ineffective assistance of trial counsel regarding advice given on the plea as his First Ground for Relief (Doc. No. 429, PageID 1503). That claim was denied on the merits (Report and Recommendations, Doc. No. 444; Order Adopting R&R, Doc. No. 445; Order of the Sixth Circuit denying certificate of appealability, Doc. No. 457).

Dewitt's Third 2255 Motion does not rely on any new right recognized by the Supreme Court after his first or second § 2255 motions and made retroactive by the Supreme Court. It is therefore again respectfully recommended that the Third 2255 Motion be dismissed without

prejudice to its refiling if Dewitt receives permission from the Sixth Circuit. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify that any appeal would not be taken in objective good faith.

April 29, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).